# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GREGORY HARRIS,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**Case No. 4:17cv52-RH/CAS**

**UNITED STATES OF AMERICA,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed an "Amended Federal Tort Claim" complaint pursuant to 28 U.S.C. § 2671 on March 7, 2017. ECF No. 32. Plaintiff's amended complaint was filed after this case was removed to this Court from state court by the United States Department of Justice ("United States"). ECF No. 1. Removal was deemed to be appropriate pursuant 28 U.S.C. § 1442(a)(1) because Plaintiff's complaint named two federal judges as Defendants. Subsequently, the United States was substituted for the two federal judges (District Judge Robert Scola and Magistrate Judge Patrick A. White). ECF No. 19.

On February 2, 2017, thirteen[1] of the Defendants ("State Defendants") served with process objected to removal. ECF No. 7. So did Plaintiff. ECF No. 18. The State Defendants seek severance of Plaintiff's claims against the federal Defendants and remand to the state court to consider Plaintiff's claims against the State Defendants. ECF No. 7. It was argued that all twenty-six non-federal Defendants did not consent to removal. *Id.* at 2, n.2.

Thus, an Order was entered providing the parties with an opportunity to state on the record their consent or opposition to the motion to sever. ECF No. 9. Defendant Kristi House, Inc., did not object to severance and initially filed a motion to dismiss. ECF No. 16. Shortly thereafter, Kristi House filed a timely motion to sever and remand. ECF No. 25. Defendant Dade County consented to the severance motion, although it requested the Court defer ruling on the motion to sever until after Plaintiff's amended complaint was filed and screened pursuant to 28 U.S.C. § 1915. ECF No. 20. Defendants Ruvin and Rose also consent to the motion to sever this case. ECF No. 24. Further, these Defendants agree with the County's

---

[1] Those Defendants are Jones, Bondi, Scott, M. Rodriguez, Soto, Miller, Ruiz, R. Rodriguez, Bernstein, Marin, Rebull, the Public Defender, and Foster. ECF No. 7.

request that ruling on the motion to sever be deferred until Plaintiff has filed the amended complaint. *Id.* at 3. The United States affirmatively stated that it does not object to severance. ECF No. 10.

The parties were advised that ruling on the motion to sever would await review of the amended complaint. ECF No. 29 at 3. As Plaintiff has now filed the amended complaint, ruling on several pending motions is now appropriate along with review of the amended complaint.

The pro se Plaintiff filed a motion for speedy trial. ECF No. 21. Plaintiff cites Rule 3.191 as the basis for his motion, arguing that a period of "long delay will impair the ability of an accused to defend himself." *Id.* Rule 3.191 is a Rule of Florida Criminal Procedure and is inapplicable to this civil case. The motion is frivolous and should be denied.

Defendant Kristy House's first motion to dismiss, ECF No. 16, should be denied as moot because Plaintiff filed an amended complaint two weeks later. ECF No. 32. Kristy House filed a second motion to dismiss the amended complaint, ECF No. 34. Ruling on that motion should be deferred in light of the motion to sever and remand, ECF No. 25.

Plaintiff's amended complaint asserts that it is filed "pursuant to the Federal Tort Claim Act, alleging" that the named Defendants violated

Plaintiff's "civil and constitutional rights." ECF No. 32 at 2. Accordingly, this Court has subject matter jurisdiction over Plaintiff's claims. 28 U.S.C. § 1331.

Plaintiff contends that each Defendant is sued in "his/her official capacity" and he seeks monetary damages as well as injunctive relief. *Id.* Part of the injunctive relief Plaintiff seeks is "relief from this illegal and unlawful imprisonment." *Id.* Plaintiff also seeks to have his parental rights restored, along with various other requests. *See* ECF No. 32 at 17-18.

The basis for the claims against the two federal judges as alleged by Plaintiff is that they "conspired with the other judges to cover up an armored car robbery," knew that Plaintiff was innocent, and conspired to kidnap Plaintiff. ECF No. 32 at 10. Although the State Defendants note that Plaintiff alleges a conspiracy, they argue that "Plaintiff's allegations against the Federal Defendants stem from consideration and denial by the Federal Defendants of a Petition for Writ of Habeas Corpus by Plaintiff filed in the Southern District of Florida." ECF No. 7 at 5 (citing case # 1:14cv22857-RNS). Defendants argue that the claims against the federal judges "has **nothing** to do with any of the claims against any of the other Defendants." ECF No. 7 at 5-6 (emphasis in original). Further, it is argued

that "Plaintiff's allegations of a conspiracy are nothing more than a conclusory statement in which he alleges all of the Defendants in this case have 'conspired' to commit him and keep him in prison . . . ." *Id.* at 6. The motion maintains that the State Defendants "had nothing to do with the decisions made by the Federal Defendants" and vice versa. *Id.* Defendants argue joinder is not required and the claims should be severed. *Id.* at 4-9.

No objections were filed to the motions to sever. The consented motions should be granted. Although Plaintiff's amended complaint asserted conspiracy claims which might suggest joint action between the federal and State Defendants, Plaintiff did not allege specific facts sufficient to support a conspiracy claim. Moreover, no facts were alleged indicating that the absence of the State Defendants from this federal case would impair the ability to provide "complete relief among existing parties." *See* Fed. R. Civ. P. 19(a). Granting the motion to sever is appropriate as Rule 21 of the Federal Rules of Civil Procedure permits this Court to "sever any claim against a party." The federal Defendants have the right to remove the case to federal court pursuant to 28 U.S.C. § 1442 and the State Defendants object to doing so. The claims should be severed and the

claims against the State Defendants remanded back to state court pursuant to 28 U.S.C. § 1447(c).

As an additional matter, Defendants Ruven and Rose, ECF No. 24 at 2-3, and Dade County, ECF No. 20, do not oppose severance of the claims. The parties expressly stated their consent to the motion to sever and remand. ECF No. 20 at 3; ECF No. 24 at 2. Nevertheless, the parties requested severance be deferred until Plaintiff's amended complaint has been screened. ECF No. 24 at 3. It was stated that this Court "would provide the most expeditious relief given the applicability of 28 U.S.C. § 1915 to Plaintiff's filings." *Id.* at 2. The amended complaint was screened for the limited purpose of determining that a basis for this Court's jurisdiction existed. Beyond that, Defendants cannot have it both ways. Defendants cannot request the Court undertake a merits review while simultaneously objecting to this case preceding in federal court. The case should be severed and remanded for further proceedings.

It is respectfully **RECOMMENDED** that (1) the first motion to remand and sever the claims against the United States, ECF No. 7, be **GRANTED**; (2) the second motion to sever and remand, ECF No. 25, be **GRANTED**; (3) the first motion to dismiss, ECF No. 16, be **DENIED as moot**; (4) and

Plaintiff's motion for speedy trial, ECF No. 21, be **DENIED**. It is further **RECOMMENDED** that this case be **REMANDED** to the undersigned for further proceedings[2] as to the claims against the United States (Robert Scola and Patrick A. White), but all other claims be **SEVERED** and **REMANDED** to the Second Judicial Circuit Court in and for Leon County, Florida pursuant to 28 U.S.C. § 1447(c).

**IN CHAMBERS** at Tallahassee, Florida, on March 22, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or**

---

[2] The United States asserts it had not yet been served and, thus, service should be directed after ruling is entered on this Report and Recommendation. *See* ECF No. 4. It is permissible to remove a case prior to service of process. <u>Nichols v. Nationstar Mortg.</u>, No. 4:14-CV-0240-HLM-WEJ, 2014 WL 12481344, at *3 (N.D. Ga. Dec. 1, 2014) (citing <u>Delgado v. Shell Oil Co.</u>, 231 F.3d 165, 177 n.23 (5th Cir. 2000)).

Case No. 4:17cv52-RH/CAS

**recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**