**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

GREGORY HARRIS,

       Plaintiff,

v.                           CASE NO.  4:17cv52-RH/CAS

UNITED STATES OF AMERICA
et al.,

       Defendants.

_____/

**ORDER DISMISSING THE CLAIMS AGAINST
THE UNITED STATES AND REMANDING
THE REMAINING CLAIMS TO STATE COURT**

In this civil action, the plaintiff Gregory Harris makes rambling and

disjointed assertions about criminal proceedings in state court that have resulted in

his detention or imprisonment. The pleading now before the court is the amended

complaint, which is entitled "amended federal tort claim, under 28 U.S.C. 2671."

ECF No. 32 at 1 (capitalization omitted). The amended complaint names 50

defendants. They include the State of Florida, seven state judges, the Florida

Attorney General and others in her office, state prosecutors, court clerks, public

defenders, correctional officers, a city, a county, a police department, law

enforcement officers, the Florida Department of Corrections, and other entities or individuals affiliated with the State of Florida. Of importance here, the defendants also include two federal magistrate judges—Robert N. Scola and Patrick A. White—and the United States.

Mr. Harris filed the action in state court. The United States removed the action to this court under the federal-defendant removal statute, 28 U.S.C. § 1442(a)(1). The United States filed a notice under 28 U.S.C. § 2679 indicating that the magistrate judges took their alleged actions within the scope of their office. ECF No. 3. The United States thus has succeeded to the magistrate judges as the defendant on the claims originally asserted against the magistrate judges. The second amended complaint does not allege tortious acts by any federal employee other than the two magistrate judges.

Some of the defendants have moved to sever the claims against nonfederal defendants and to remand those claims to the state court. In a case that, like this one, has been removed under § 1442, a district court has discretion to remand claims against nonfederal defendants *after* dismissal of all claims against federal defendants. *See Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir. 1986). Whether a court may remand claims against nonfederal defendants *before* dismissal of all claims against federal defendants, at least when the claims are properly joined under Federal Rule of Civil Procedure 20(a)(2), is not as clear.

The order of June 21, 2017, ECF No. 61, deferred a ruling on the motions to sever and remand, explaining, "Under the circumstances of this case—when dismissal of the claims against the federal defendant appears likely—the better course is to defer the remand decision until after addressing the possible dismissal of the claims against the federal defendant."

The June 21 order noted that a district court has discretion to dismiss claims on its own motion, adding:

> This order gives Mr. Harris notice and an opportunity to be heard. To avoid dismissal of the claims against the United States or to obtain leave to amend, Mr. Harris should clearly state what action each magistrate judge allegedly took—not rhetoric, not conclusions, not adjectives, but facts. So if the judge entered a ruling that Mr. Harris says is a basis for this action, Mr. Harris should clearly set out the substance of the ruling. Mr. Harris also should indicate the relationship between the magistrate judge's action and the state criminal charges that resulted in the sentence that Mr. Harris is now serving.

ECF No. 61 at 4. The order directed Mr. Harris to show cause why the claims against the United States should not be dismissed and specifically noted matters Mr. Harris should address: "The showing must include a memorandum of not more than 15 pages setting out the alleged factual basis for the claims and addressing whether the claims are barred by judicial immunity or by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that a state prisoner cannot properly pursue a § 1983 action that, if successful, necessarily would imply the invalidity of a state conviction, unless the conviction has been vacated in a separate proceeding)."

Mr. Harris has responded at length. ECF No. 62. But he has not alleged that the magistrate judges did anything other than rule on matters that came before their courts as part of official proceedings. The response is long on conclusions—that the judges acted unconstitutionally and violated their oaths of office—but short on facts that would support a claim. The remedy for a judge's erroneous ruling on a matter within the judge's jurisdiction is an appeal, not an action under the Federal Tort Claims Act. And Mr. Harris has not even alleged facts suggesting that these judges made an erroneous ruling. In short, Mr. Harris's claims against the magistrate judges (and thus against the United States) are barred by judicial immunity, if not also under *Heck v. Humphrey*.

This order therefore dismisses the claims against the United States. I expressly determine that there is no just reason for delay and direct the clerk to enter judgment as set out below. This order remands the claims against the nonfederal defendants.

IT IS ORDERED:

1. The claims against the United States, both on its own behalf and as successor to Robert N. Scola and Patrick A. White on the claims originally asserted against them, are dismissed based on judicial immunity. The clerk must enter a judgment so providing under Federal Rule of Civil Procedure 54(b).

2. The remaining claims—the claims against nonfederal defendants—are remanded to the Circuit Court, Second Judicial Circuit, Leon County, Florida. The clerk must take all steps necessary to effect the remand.

3. The clerk must close the file.

SO ORDERED on July 7, 2017.

s/Robert L. Hinkle
United States District Judge